JUAN ROSADO FUSSÁ, Appellant, *v.* REGISTRAR OF PROPERTY OF Río Piedras, Respondent.

No. 1230.  Submitted April 2, 1948.—Decided April 12, 1948.

*Angel A. Vázquez,* for appellant.  The Registrar appeared by brief.

Mr. Justice Marrero delivered the opinion of the Court.

By deed No. 10 executed on March 4, 1942 the spouses Luis E. García and Josefa Carreras purchased from the Eastern Sugar Associates a property containing 195.99 acres (*cuerdas*), of which 126.995 acres are situated within the Municipality of Trujillo Alto, which at that time belonged to the Registry of Property of San Juan and 68.995 acres in Caguas, within the jurisdiction of the Registry of Property of the same name. From this property they segregated and sold to Felipe S. Vidal, by deed No. 11 of the same date, a parcel of land containing 97.995 acres which is described under letter A in the deed subject matter of this appeal, of which 68.995 acres approximately are lying in Caguas and about 29 acres in Trujillo Alto. Both deeds were recorded in the Registries of Property of Caguas and San Juan without setting forth the boundaries of the portion corresponding to each registry.

By deed No. 244 executed on July 17, 1944 before Notary Angel A. Vázquez, the purchaser Felipe S. Vidal consolidated the property purchased by him from the García spouses and another situated in Caguas, described under letter B, thereby forming a single property of 123.145 acres which is described under letter "E" as follows:

"E. RURAL: Parcel of land situated in wards San Antonio of Caguas and Carraizo of Trujillo Alto containing one hundred twenty-three acres, one hundred forty-five hundredths, equivalent to forty-eight hectares, forty ares, eight centiares, of which approximately NINETY-FOUR ACRES ONE HUNDRED FORTY-FIVE HUNDREDTHS lie within the Municipality of Caguas and approximately TWENTY-NINE acres within the Municipality of Trujillo Alto; it is bounded on the North by Sotero Navarro, Vicente Lasanta, Heirs of Domingo Flores and Angel Munet; on the South by Río Grande de Loíza; on the East by Angel Munet, and Manuel Díaz; and on the West by Río Grande de Loíza, Felipe Velázquez, today Heirs of Domingo Flores. It contains two one-story frame houses zinc-roofed, one for the superintendent and the other for a laborer and a zinc stable with concrete floor, the whole property being wire-fenced."

In the same deed of consolidation Felipe S. Vidal sold the aforesaid property "E" to Juan Rosado Fussá, appellant herein. Upon presenting deed No. 244 for record, the Registrar of Caguas recorded it at the folio and in the volume appearing on the margin thereof, but when it was recently presented to the Registrar of Property of Río Piedras, to which registry the Municipality of Trujillo Alto now belongs, he recorded said property with the curable defect that it did not describe the portion of the property lying within the Municipality of Trujillo Alto.

Apellant maintains that the Registrar of Property of Río Piedras erred in recording the property consolidated and sold under letter "E" with the curable defect that it failed to describe the portion of the property lying within the territory of that registry.

Pursuant to § 1 of the Mortgage Law "If an estate be situated within the territorial districts of two or more registries, it shall be recorded in all of them."

This same principle is consecrated in § 23 of the Regulations, but the latter is still more specific for it not only says that "if an estate should be situated within the territory belonging to two or more registries, the record shall be made in each one of them" but it also adds "including therein only that part of the estate which may be situated therein."

Appellant as well as the respondent registrar abundantly argue *Solís* v. *Registrar,* 19 P.R.R. 984. In this case a mortgage was constituted on a property of 58 acres which is situated within two separate municipal districts. The registrar recorded it with the curable defect that it failed to describe the portion of the property lying in Caguas and the portion of the same property lying in San Lorenzo and that it failed to distribute the amount secured by the whole property under the mortgage between the two portions composing said property. In deciding that case this Court stated that since one single property was involved the mortgage created

thereon affected it as a whole, § 119 of the Mortgage Law [1] not being applicable thereto, nor was it necessary to describe separately the portions of the property situated in each municipality; that said requisites would be necessary if the mortgage were constituted on two or more different properties but not when it affects one single property which is situated in two different municipal districts. However, this Court also said with all clearness that "in the first record made of the property containing 58 *cuerdas* in the separate registries of Caguas and San Lorenzo, the parts of the said property lying in each of the said municipal districts must be described with the particulars required by law." These particulars can be no other than those enumerated in § 9 of the Mortgage Law among which we find the need of stating the boundaries of the real property subject of record.

In *Malpica* v. *The Registrar of Property*, 21 P.R.R. 91, the Spanish Government had recorded in the Registry of Property of San Juan a property containing 400 acres of land situated in the district of Loíza which was purchased at public auction by Javier Zequeira who assigned his rights to Eugenio Malpica. Subsequently the Spanish Government executed a deed of sale in favor of Malpica, setting out in the deed that from a survey of the property it appeared that it contained 419 acres and 4,522 *varas* instead of 400 acres; that the property was situated in two separate municipalities, Loíza and Río Grande, and that it was impossible to determine the portion of land lying in each municipality. The registrar recorded it with the curable defect that it failed to describe the portion lying within each municipality. In

---

[1] "SECTION 119.—(As amended by Act No. 62 of July 21, 1923, Session Laws, page 406.)—When a number of estates are mortgaged at the same time for a single credit, the amount or part of the lien to be borne by each shall be determined; mortgages constituted by agriculturists to secure loans for agricultural purposes, amortizable by partial annual payment in a term of not less than ten years at a rate of interest not exceeding seven (7) per centum being excepted from the foregoing provisions, when the contracting parties shall so stipulate."

the last paragraph of the opinion rendered in the case it was said: "and as to the curable defect pointed out in the record made in the books of Loíza, namely, that the part situated in each municipal district was not described, we are of the opinion that the registrar was right on that point inasmuch as *the boundaries and the area are requisites which should be shown in the records of properties."* (Italics ours.)

Commenting on a situation analogous to that involved herein, Galindo and Escosura, in volume 1 of their work *Legislación Hipotecaria,* say on page 251: "... Section 12 of the Regulations, by providing that if an instrument or contract subject to record relates to properties which *should be* recorded in more than one registry the registrar should forward it *to the proper registry* [2] after having made the entry in his own registry, and § 17, by providing that if a property should be situated within two or more registries, record shall be made in each registry of the portion which may be situated therein, dissipate the vagueness of the paragraph under discussion." And immediately they add: "We shall, therefore, settle any doubt thus: *that each property shall be recorded in the registry to which the territory within which it is situated belongs; if it is situated within two or more, record shall be made of the portion lying in each one."* (Italics ours.)

An identical question to the one before us is treated by Martínez Moreda in his *Comentarios y Jurisprudencia a la Legislación Hipotecaria,* 1906 ed. On page 3 he says "... it may be inferred that the law requires the property to be recorded in the registry within which it lies. Finally, the second paragraph of § 17 dispels the doubt more effectively by providing that if any property should be situated within a territory belonging to two or more registries, record shall

---

[2] The 6th paragraph of § 57 of the Regulations for Execution of Mortgage Law provides that when the instrument or contract relates to property situated in the territory of a number of different registries, the registrar shall forward the document subject of record on his own initiative to the proper registrar.

be made in each one of them, but including therein *only that part of the property which may be situated therein.*" [3]

■ Appellant further urges that the fact that deeds Nos.. 10 and 11 were recorded in the Registries of Property of Caguas and San Juan without describing the boundaries of that part of the property lying within the territory of each one of said registries, created a right binding on respondent. There is no such thing. In classifying instruments subject to record, the registrars are not authorized to determine the legality of entries made in the registries by their predecessors. *Hernández* v. *Registrar,* 67 P.R.R. 423, and cases cited. on page 433. See also *Land Authority* v. *Registrar,* 62 P.R.R. 483–486; *Matos* v. *Registrar,* 61 P.R.R. 90–92 and *López* v. *Registrar,* 58 P.R.R. 1–5.

■ The lack of boundaries is not sufficient reason to deny recordation, since such a lack is a curable defect. As we said in *Municipality of Salinas* v. *Registrar,* 52 P.R.R. 76, 77: "This court has held in numerous cases that the statement. of the boundaries and area of a property is an essential requisite which must appear in the record made in the registry of property, and that the failure to comply with said requisites constitutes a curable defect." And this assertion is buttressed by the authority of cases of this Court and Volume 2 of the *Comentarios a la Legislación Hipotecaria* of Morell y Terry, page 111.

Pursuant to the plain language of § 1 of the Mortgage Law and § 23 of the Regulations, as well as of the citations. we have made of *Solís* v. *Registrar* and *Malpica* v. *Registrar,.* *supra,* and of the textwriters Galindo and Escosura and Martínez Moreda, we reach the conclusion that the deed subject matter of this appeal should have set out the boundaries of the portions situated in Caguas and Trujillo Alto in order to enable the registrars, respectively, to make the proper en-

---

[3] Section 17 discussed by the above mentioned textwriters is equivalent to § 23 of our Regulations.

tries. It is not sufficient to make a general description of the property as a whole with its corresponding boundaries, or to describe the area of the portion lying in each one of the respective registries. In these cases it is not only necessary to state the boundaries and the area of the whole property but also the area and the boundaries of the portion of the property belonging to each registry.

The registrar's note is affirmed.